IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON LEE WEBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-08-225-W |
| ) | |
| C/O BEATY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

The Plaintiff has moved for appointment of counsel. The motion is denied.

The Court can request legal representation for an indigent litigant but cannot order counsel to take the case. *See* Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(1). The Court sympathizes with the Plaintiff about his predicament, but cannot request legal representation for all litigants representing themselves.

"'The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel.'" *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). The Plaintiff has not made such a showing at the present stage.

As noted, the Court is sympathetic to the difficulties facing Mr. Webb. He is not an attorney and has not been trained in the law. But these limitations do not justify a request for legal representation by the Court. *See Abu-Fakher v. Bode*, 175 Fed. Appx. 179, 185 (10th Cir. Mar. 16, 2006) (unpublished op.) (upholding denial of a prisoner's request for

legal representation under 28 U.S.C. § 1915(e)(1) in part because "any pro se claimant" would share the plaintiff's lack of legal training).

Accordingly, the Court denies the Plaintiff's request for legal representation. This ruling is without prejudice to Mr. Webb's right to renew the request upon a change in circumstances.

So ordered this 17th day of March, 2008.

_____
Robert E. Bacharach
United States Magistrate Judge