IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

JASON LEE WEBB,                    )
                                   )
              Plaintiff,           )
                                   )
vs.                                )          No. CIV-08-225-W
                                   )
C/O BEATY et al.,                  )
                                   )
              Defendants.          )

**FILED**

NOV 1 2 2008

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _W.H._ _____ DEPUTY

## ORDER

On August 12, 2008, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation in this matter and recommended that the Court grant the Motion to Dismiss filed by defendant David Miller, Warden, Lawton Correctional Facility ("LCF"), and grant in part and deny in part the Motion for Summary Judgment/Motion to Dismiss filed by defendant James Beatty,[1] an LCF corrections officer. The parties were advised of their right to object to the Report and Recommendation, and the matter now comes before the Court on the Objection filed by Miller and Beatty and on the Objection filed by plaintiff Jason Lee Webb.

According to the allegations in the complaint, Beatty, unprovoked, "kicked the bean hole shut on . . . [Webb's] left hand." This incident has prompted the instant lawsuit, wherein Webb has prayed for an apology, monetary relief and a transfer under title 42, section 1983 of the United States Code because his right under the eighth amendment to the United States Constitution to be free from cruel and unusual punishment has been

---

[1]Officer Beatty is misidentified in the style as "C/O Beaty."

violated.  Upon review of the record, the Court concurs with Magistrate Judge Bacharach's suggested disposition of the defendants' motions.

"As a general matter, [section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over [the] individual[ ] who actually committed a constitutional violation."  Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008).  Thus, to survive a request for dismissal, a plaintiff must advance allegations of either a defendant's personal participation, exercise of control or direction or failure to supervise, id., and an "affirmative link" between that conduct and the alleged constitutional violation.  Id. (citation omitted).

In this case, Webb's complaint is devoid of any allegations demonstrating an affirmative link between Miller's conduct and the constitutional deprivation about which Webb has complained.  Accordingly, Miller is entitled to dismissal for failure to state a claim for relief under Rule 12(b)(6), F.R.Civ.P.

As to Beatty's request for dismissal and/or summary judgment on the issue of exhaustion of available administrative remedies, the Court finds that the dilemma with which Webb was confronted that was caused by the alleged ongoing investigation conducted by LCF personnel and by the absence of a response about the status of that investigation mandates a finding at this stage of the litigation that Webb arguably lacked an available administrative remedy.  Thus, the Court finds that Beatty is not entitled to relief based upon his arguments regarding nonexhaustion of administrative remedies.

2

The Court further finds that Beatty is not entitled to dismissal under Rule 12(b)(6), supra,[2] based upon his arguments that Webb's allegations fail to rise to the level of a constitutional violation.  As Magistrate Judge Bacharach found, it may be reasonably inferred based upon the allegations in the complaint that Beatty's unprovoked conduct was intentional and that Webb suffered an actual injury.

Finally, the Court has considered the issue of compensatory damages.  The Prison Litigation Reform Act not only requires that a prisoner suffer a "physical injury" before he can recover damages for mental or emotional injury or distress, e.g., 42 U.S.C. § 1997e(e), but also requires, as courts have so interpreted, that the physical injury be more than de minimis.  E.g., Escobar v. Zavaras, 1998 WL 314303 (10th Cir. 1998)(cited pursuant to Tenth Circuit Rule 32.1).

Admittedly, allegations and/or proof of significant physical injury are not required; however, the undisputed record in this case establishes that Webb's injury would be regarded as "de minimis" and thus, would not qualify as a "physical injury" for purposes of section 1997e(e).  Accordingly, the Court finds that Beatty is entitled to summary judgment

---

[2]The Court disagrees with the defendants' assertion that "the Magistrate came to the erroneous conclusion that the Defendants' Motion was one for dismissal and not for summary judgment."  First, the defendants argued that Webb's "complaint does not allege that Beatty intentionally shut the bean hole on his hand nor does he allege he suffered any actual injury."  Motion for Summary Judgment/Motion to Dismiss at 6.  Second, the defendants advanced no undisputed material facts with regard to this issue in their Statement of Undisputed Material Facts.  Id. at 2-3.  Finally, the Court finds troublesome the defendants' use of the title "Motion for Summary Judgment/Motion to Dismiss" and the defendants' repeated failure to clearly identify either the rule or the relief requested in connection with each argument advanced.  The defendants failed to distinguish between these two very different procedural vehicles, and they cannot at this stage complain that their arguments should have been considered under Rule 56, and not under Rule 12(b)(6).

under Rule 56, F.R.Civ.P., to the extent he has argued that Webb is not entitled to recover damages for emotional distress as a matter of law.

The Court finds that Beatty has advanced no persuasive arguments that Webb, if he should prevail, is not entitled to recover other forms of compensatory damages. Accordingly, the Court denies' Beatty request for summary judgment in connection with Webb's prayer for relief for other types of damages.

Based upon the foregoing, the Court

(1) ADOPTS the Report and Recommendation [Doc. 26] issued on August 12, 2008;

(2) GRANTS the Motion to Dismiss [Doc. 23] filed on June 16, 2008, by defendant Miller, and deems MOOT Miller's alternate Motion for Summary Judgment; but

(3) FINDS that dismissal of the allegations against Miller is without prejudice;

(4) GRANTS the Motion for Summary Judgment filed by defendant Beatty [Doc. 23] to the limited extent that Webb is barred under the circumstances of this case from recovering damages for mental and emotional distress;

(5) DENIES Beatty's Motion for Summary Judgment/Motion to Dismiss in all other respects; and

(6) RE-REFERS this matter to Magistrate Judge Bacharach for further proceedings, including consideration of

(a) Webb's Request to be Granted an Extension of Time to Amend Pleadings [Doc. 31] file-stamped September 3, 2008;

(b) the Motion to Quash for Insufficiency of Process and Service of Process [Doc. 30] filed by GEO Group, Inc. ("GEO"); and

4

(c) GEO's Motion for Summary Judgment/Motion to Dismiss [Doc. 38] filed on

October 14, 2008.

ENTERED this _13th_ day of November, 2008.

LEE R. WEST
UNITED STATES DISTRICT JUDGE